```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
CARLISSA J. WILLIAMS,             :
                                  :
      Plaintiff,                  :
                                  :
v.                                :    CIVIL ACTION 07-0420-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of                   :
Social Security,                  :
                                  :
      Defendant.                  :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is ordered that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twenty-eight years old, had completed a high school special education curriculum (Tr. 314), and had previous work experience as a cashier and sewing machine operator (Tr. 334). In claiming benefits, Plaintiff alleges disability due to anxiety, depression, borderline intellectual functioning, and motor seizures (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on March 10, 2004 (Tr. 45-47, 265-67). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Williams could perform her past relevant work as a seamstress and cashier (Tr. 13-19). Plaintiff requested review of the hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 5-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Williams

alleges that: (1) She meets the requirements of Listing 12.04; (2) the ALJ did not properly consider the opinions and conclusions of her treating physician; and (3) the ALJ did not properly discuss her mental limitations (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 17).

Plaintiff claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician.[1]  More specifically, Williams refers to a report completed by Psychiatrist Christopher L. Jenkins (Doc. 13, pp. 7-15).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2007).

Dr. Jenkins first examined Plaintiff on April 21, 2004 (Tr. 166).  After several months of treatment (*see* Tr. 152-68), the Psychiatrist completed a Psychiatric Review Technique Form in which he indicated that Williams suffered from an Affective Disorder and met the requirements for Listing 12.04 (Tr. 169-77).

---

[1] Because the Court finds that this claim has merit, it will not address the other claims raised in this action.

[2] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Jenkins specifically indicated that Plaintiff exhibited "severe impairment in all areas of functioning as evidenced by suicidal ideations, feelings of hopelessness and worthlessness, along with increased anxiety in social situations" (Tr. 170).  The doctor noted memory impairment, mood disturbance, and emotional withdrawal (Tr. 171).  With regard to her depression, the Psychiatrist noted anhedonia, appetite and sleep disturbance, psychomotor agitation or retardation, decreased energy, feelings of guilt/worthlessness, difficulty concentrating or thinking, and thoughts of suicide (Tr. 172).  The doctor also noted "[a] persistent irrational fear of a specified object, activity or situation which results in a compelling desire to avoid the dreaded object, activity, or situation" as well as "[r]ecurrent and intrusive recollections of a traumatic experience, which are a source of marked distress" (Tr. 173).  Finally, Jenkins expressed the opinion that Williams had marked restriction of activities of daily living, extreme difficulties in maintaining social functioning, frequent deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, and three or more episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or experience (Tr. 176).

   The ALJ specifically gave this report no weight, noting that

the "author is not known, but presumably completed by a State agency, non-examining reviewing Psychologist" (Tr. 18). Plaintiff has shown that the ALJ was informed that the report was penned by Dr. Jenkins; she has further shown that the vocational expert testified that a person with these impairments would be unable to work at any job (Tr. 338-39).

The Court finds that there is not substantial evidence for the ALJ's reasoning for rejecting this report.  The report was issued by Williams's treating Psychiatrist—not a non-examining Psychologist.  The Court has reviewed the arguments made by Defendant with regard to this claim (Doc. 17, pp. 19-20), but rejects them as they present new grounds not stated by the ALJ. The ALJ provided a basis for rejecting Plaintiff's claim; as his stated reasoning is not supported by substantial evidence, that decision cannot stand.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence relating to Plaintiff's mental impairments.  Judgment will be entered by separate Order.

DONE this 7th day of January, 2008.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE