```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

CARLISSA J. WILLIAMS,             :
                                  :
      Plaintiff,                  :
                                  :
v.                                :     CIVIL ACTION 07-0420-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of                   :
Social Security,                  :
                                  :
      Defendant.                  :
```

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet (Doc. 25) and Defendant's Objection to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 26).  After consideration of the pertinent pleadings, it is **ORDERED** that the motion be **GRANTED** and that Plaintiff's counsel be **AWARDED** an Equal Access to Justice Act (hereinafter EAJA) attorney's fee in the amount of $2,911.56.

Plaintiff filed this action on June 8, 2007 (Doc. 1).  After the issues in dispute had been briefed, the Court, by Order dated January 2, 2008, set this action for oral argument on January 28, 2008, at 9:30 a.m. (Doc. 18).  On January 2, 2008, the parties filed a Joint Motion to Waive Oral Argument (Doc. 19), which was granted by Order dated January 2, 2008 (Doc. 20).  The parties also filed on November January 2, 2008, a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 21)

and, by Order that same date, Judge Granade referred this action to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73 (Doc. 22).  Based on the record before the Court, the undersigned Judge, on January 7, 2008, entered a Memorandum Opinion and Order and Judgment in favor of Plaintiff, reversing the decision of the ALJ and remanding this action for further administrative proceedings consistent with that Opinion (Docs. 23, 24).

On April 4, 2008, Byron A. Lassiter, counsel for Plaintiff, filed an Application for Attorney Fees Under the Equal Access to Justice Act with supporting time sheet, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $2,911.56, computed at an hourly rate of $165.43 for 17.6 hours spent in this Court (Doc. 25).

Defendant, in his Objection filed April 15, 2008 (Doc. 26), contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied.  Defendant does not object to the hours or hourly rate requested.

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the

>United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.  Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees."  *Myers*, 916 F.2d at

3

666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).
That means that the Government must show that there was a
"reasonable basis both in law and fact" for the positions it
took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court
notes that "[a]n examination of whether the government's position
was substantially justified encompasses an evaluation of both the
agency's prelitigation conduct and the subsequent litigation
positions of the Justice Department ....  Unless the government
can establish that all of its positions were substantially
justified, the claimant is entitled to receive attorney's fees."
*Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations
omitted).  Though Defendant bears the burden of showing that its
position was substantially justified, "[t]he fact that the
government lost its case does not raise a presumption that the
government's position was not substantially justified."  *Ashburn
v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated January 7, 2008
(Doc. 23), the Court found as follows:

> Plaintiff claims that the ALJ did not
> accord proper legal weight to the opinions,
> diagnoses and medical evidence of Plaintiff's
> physician[1].  More specifically, Williams
> refers to a report completed by Psychiatrist
> Christopher L. Jenkins (Doc. 13, pp. 7-15).

---

[1]Because the Court finds that this claim has merit, it is unnecessary to discuss the other claims.

>....
>
>    Dr. Jenkins first examined Plaintiff on April 21, 2004 (Tr. 166).  After several months of treatment (see Tr. 152-68), the Psychiatrist completed a Psychiatric Review Technique Form in which he indicated that Williams suffered from an Affective Disorder and met the requirements for Listing 12.04 (Tr. 169-77).  Jenkins specifically indicated that Plaintiff exhibited "severe impairment in all areas of functioning as evidenced by suicidal ideations, feelings of hopelessness and worthlessness, along with increased anxiety in social situations" (Tr. 170).  The doctor noted memory impairment, mood disturbance, and emotional withdrawal (Tr. 171). ....  Finally, Jenkins expressed the opinion that Williams had marked restriction of activities of daily living, extreme difficulties in maintaining social functioning, frequent deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, and three or more episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or experience (Tr. 176).
>
>    The ALJ specifically gave this report no weight, noting that the "author is not known, but presumably completed by a State agency, non-examining reviewing Psychologist" (Tr. 18).  Plaintiff has shown that the ALJ was informed that the report was penned by Dr. Jenkins; she has further shown that the vocational expert testified that a person with these impairments would be unable to work at any job (Tr. 338-39).

(Doc. 23, pp. 3-5).

Defendant in his Objection (Doc. 26) states that there was a reasonable basis in law and fact for the Commissioner's position that Plaintiff has the ability to perform work reduced by

limitations from concentrated exposure to heights, hazardous machinery, commercial driving, more than low semiskilled work, and work not allowing a moderate limitation in concentration, persistence, or pace.

Defendant further states that the ALJ gave great weight to the opinion of David D. Hall, a consultative psychiatrist, who concluded that Plaintiff had no limitations in her abilities to respond appropriately to co-workers, use judgment in simple one or two-step work-related decisions, deal with changes in a routine work setting, understand, remember, and carry out simple, one and two-step instructions, maintain attention, concentration, or pace for periods of at least two hours, and maintain activities of daily living; and that she had only mild limitations in her abilities to respond appropriately to supervisors, customers, and other members of the general public, use judgment in detailed or complex work-related decisions, understand, remember, and carry out detailed or complex instructions, and maintain social functioning.

As set out above and in the Memorandum Opinion and Order and Judgment, the Court found that, based upon a review of the entire record, the ALJ's decision was not supported by substantial evidence. Therefore, the Court remanded this action to the Social Security Administration for further administrative proceedings, to include, at a minimum, a supplemental hearing for

the gathering of evidence relating to Plaintiff's mental impairments (Docs. 23, 24). The Court now **FINDS** that Defendant's position was not substantially justified in that there was not a reasonable basis in law and fact for the position it took.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988). In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" .... Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude

> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 17.6 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that ... attorney
> fees shall not be awarded in excess of $125
> per hour unless the court determines that an
> increase in the cost of living or a special
> factor, such as the limited availability of
> qualified attorneys for the proceedings
> involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

<u>Id</u>. at 1033-34 (citations omitted & footnote omitted)[2]. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. <u>NAACP v. City of Evergreen</u>, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. <u>Norman v. City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988). Where documentation is inadequate, the court is not

---

[2] Subsequent to <u>Meyer</u>, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Id.

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. See e.g., Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001). Recently, in an action before Judge Cassady, that rate was increased to account for the ever-increasing cost of living. Lucy v. Barnhart, CA 06-0147-C. In Lucy, the Court adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (Id. At 11, quoting Doc. 31, at 2). The undersigned agrees with Judge

---

[3]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." Lucy v. Barnhart, CA 06-0147-C, Doc. 31, at 3.

Cassady that the time has come to adjust the hourly rate and also adopts this formula in arriving at the appropriate hourly rate.

The temporal midpoint in this action was September 22, 2007, the complaint having been filed on June 8, 2007 (Doc. 1), and the Court having entered its Order and Judgment on January 7, 2008 (Docs. 23, 24).  The CPI-U for September 2007 was 201.697.  Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 201.697/152.4.  Completion of this equation renders an hourly rate of $165.43.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in the amount of $2,911.56.

DONE this 6th day of June, 2008.

          s/BERT W. MILLING, JR.
          UNITED STATES MAGISTRATE JUDGE